THE PEOPLE *v.* PARSON.

APPEAL from the District Court of San Juan.

No. 57.—Decided April 20, 1904.

EVIDENCE—QUESTIONS OF LAW AND OF FACT.—The decision of questions of fact rests with the jury and questions of law with the court, the former being alone competent to declare whether there is sufficient evidence for finding the accused *guilty.*

ID.—NEW TRIAL—BILL OF EXCEPTIONS.—In cases in which the verdict is contrary to the law and the evidence a new trial should be granted; but in such cases it is necessary to show by means of a bill of exceptions that the finding of guilty is manifestly unjust, it not being sufficient to show that the jury committed an error in attaching greater weight to certain parts of the evidence than to others.

The facts are stated in the opinion.

*Mr. Ramos (Juan R.),* for appellant.

*Mr. del Toro, Fiscal,* for respondent.

MR. JUSTICE HERNÁNDEZ delivered the following opinion of the court:

The case submitted for the decision of this Supreme Court is an appeal prosecuted by Felipe Parson from the judgment of the District Court of San Juan sentencing him to seven years of imprisonment at hard labor and costs. The appellant was charged by the *Fiscal* of the district of San Juan on the 6th of August of last year with the crime of manslaughter, included in subdivision 1 of section 203 of the Penal Code, committed as follows:

"On the afternoon of the seventeenth day of June, 1903, and at

Garcia, sita en el barrio de Guzman-abajo de Rio-grande, correspondiente á este Distrito Judicial, se encontraban reunidos Venancio Gutierrez, Eustaquio Nieves y Felipe Parson, promoviéndose al cabo de un rato una disputa entre Nieves y Parson y profiriéndose recíprocamente palabras injuriosas. Como consecuencia de esta disputa se acometieron con las armas que portaron, resultando ambos contendientes gravemente heridos, y falleciendo Eustaquio Nieves á los ocho dias como consecuencia de las heridas que recibiera. Este hecho es contrario á la ley para tal caso prevista y á la paz y dignidad de El Pueblo de Puerto Rico.''

El reo Felipe Parson negó la acusación y pidió juicio por Jurado, el cuál tuvo lugar en 26 de Octubre último, practicándose las pruebas propuestas por ambas partes, en vista de las cuales pronunció el Jurado veredicto de culpabilidad. Preguntado el acusado si tenia algún motivo que alegar para que no se dictara sentencia con arreglo al veredicto, su Letrado defensor presentó escrito interesando la celebración de un nuevo juicio, ante otro Jurado, á lo que le autorizaba el número 6 del artículo 301 del Código de Enjuiciamiento Criminal, á cuyo fin alegó como razones las que se transcriben á continuación.

1°. Porque el veredicto es contrario á derecho, desde luego que sin haber un solo testigo de evidencia, en los momentos de empezar la lucha entre el acusado y el interfecto, se ha aceptado que la agresión partió del acusado.

2°. Porque habiéndose demostrado que el interfecto llamó al acusado al pasar por frente á la casa de Agustina García, en los momentos en que ésta le servía la comida á Eustaquio Nieves Cruz, que oyó cuando llamó al acusado, que se detuvo á la llamada.

3°. Porque el machete del acusado, que examinó el Jurado, presenta seis cortes en sus filos, producidos por otra arma igual lo que demuestra que hubo lucha y el acusado se . defendió, amparándose con su machete después de estar herido sobre la clavícula del brazo izquierdo.

4°. Porque una vez en tierra el interfecto por efecto de las heridas, el acusado lo abandonó y corrió tras de llamar en su auxilio

the house of Agustín García, situated in the *barrio* 'Guzmán Abajo' of Río Grande, belonging to this judicial district, Venancio Gutiérrez, Eustaquio Nieves and Felipe Parson were gathered together, and at the end of a short time a dispute arose between Nieves and Parson and insulting words were mutually exchanged by them. As a consequence of this dispute they attacked each other with the weapons which they carried, both of the contending parties being seriously wounded, and Eustaquio Nieves dying at the end of eight days as a result of the wounds which he received. This act is contrary to law in such cases made and provided, and against the peace and dignity of the People of Porto Rico.''

The defendant, Felipe Parson, pleaded not guilty and demanded a trial by jury, which took place on the 26th of October, the evidence submitted by both parties being taken, in view of which the jury returned a verdict of guilty. The accused having been asked if he had any reason to allege why judgment should not be pronounced upon him in accordance with the verdict, his attorney submitted a motion for a new trial before another jury, which he was authorized to do by subdivision 6 of section 301 of the Code of Criminal Procedure, and in support thereof set forth the following reasons:

''1. Because the verdict is contrary to law, inasmuch as there was not a single eyewitness present at the time the struggle between the accused and the deceased commenced, and it is admitted that the accused made the first attack.

''2. Because it has been shown that the deceased called the accused when passing in front of the house of Agustina García at the time the latter was serving dinner to Eustaquio Nieves Cruz, who heard him when he called the accused, who stopped when he heard the call.

''3. Because the machete of the accused which was examined by the jury presents six cuts in its edges produced by another similar weapon, which demonstrates that there was a struggle and that the accused defended himself, protecting himself with his machete after having been wounded above the clavicle of the left arm.

''4. That while the deceased was lying on the ground from the effects of the wounds, the accused left him and ran off to call for the

á su compadre Antonio Caraballo, que corrió hacia él acompañado de otro, que fué el que lo declaró en el juicio y cuyo nombre no recuerdo.

5°. Porque la declaración facultativa dice que las heridas que el acusado produjo al interfecto no eran mortales por necesidad y todas fueron causadas de frente y estando ambos de pié; ocurriendo la muerte del lesionado á los ocho días, por complicaciones atmosféricas con la herida de la cabeza. Cuyas pruebas fueron apreciadas por el Jurado erróneamente, incurriendo en el error de derecho de no haber apreciado la exención de responsabilidad de haber obrado en defensa propia el acusado, que debió inducirlo á pronunciar un verdicto de inocencia, siquiera sea por las dudas robustas que surgieron en su ánimo, por lo que se infringieron los artículos 52, 54, 207, No. 2, 209, No. 3, 211 del Código Penal, y 236 del de Enjuiciamiento Criminal.''

El Juez de Derecho denegó la moción del acusado por basarse en materia que era propia de la consideración del Jurado, el cual la habia tenido ya en cuenta al pronunciar el veredicto, sin que existiera en aquella moción motivo bastante para desestimar tal veredicto, á cuya resolución opuso excepción el abogado del Felipe Parson; y el Tribunal, estimando probado que el acusado y Eustaquio Nieves, tuvieron una lucha con machete, de la que resultó el segundo con una herida en la cabeza y seis heridas más, muriendo ocho dias después, á consecuencia de la primera herida; por complicación resultante de inflamación en la masa encefálica, habiendo declarado Parson que el difunto le atacó y él siguió defendiéndose legitimamente sin que explicara el motivo de tal ataque, condenó á dicho Parson á siete años de presidio con trabajos forzados y costas, por sentencia dictada en 29 de Octubre ya citado. Contra la denegatoria de la celebración de nuevo juicio, y contra la sentencia pronunciada, interpuso el acusado recurso de apelación, que le fué admitido, y elevadas á esta Corte Suprema las copias prevenidas por la ley, se tramitó el recurso con la sola intervención del Ministerio Fiscal, por no haberse presentado de-

assistance of his *compadre*, Antonio Caraballo, who ran towards him accompanied by another person, who was the one who testified at the trial and whose name I do not remember.

"5. Because the statement of the physician declares that the wounds inflicted by the accused on the deceased were not necessarily mortal, and that all of them were caused in front and while both were standing up; the death of the injured man having occurred in eight days as the result of atmospheric complications in the wound in the head. This evidence was erroneously considered by the jury, which fell into the error of law of not considering the exemption from liability arising from the fact that the accused acted in self-defense, which should have induced them to render a verdict of acquittal if only by reason of the great doubt which arose in their minds, for which reason sections 52, 54, 207, subdivision 2, section 209, subdivision 3, section 211 of the Penal Code, and section 236 of the Code of Criminal Procedure were violated."

The judge who presided at the trial overruled the motion of the accused for the reason that it was a matter which was proper for the consideration of the jury, which had already taken it into account in rendering the verdict, and that there were not sufficient grounds specified in said motion for setting aside such verdict, to which ruling the attorney of Felipe Parson took an exception; and the court, deeming proved the fact that the accused and Eustaquio Nieves had a struggle with a machete, as a result of which the latter received a wound in the head and six other wounds, dying eight days afterwards in consequence of the first wound from a complication resulting from inflamation of the brain, and Parsons having declared that the deceased attacked him and that he continued to lawfully defend himself, without explaining the motives for the act, condemned said Parson to seven years' imprisonment at hard labor and costs, by a judgment rendered on the said twenty-ninth day of October. From the refusal to grant a new trial and from the judgment rendered, the accused took an appeal, which was allowed, and the copies prescribed by law having been sent up to this Supreme Court,

claración jurada de su insolvencia, según ordenó este Tribunal en providencia de 12 de Febrero último, habiendo solicitado dicho Ministerio Fiscal se declarase sin lugar el recurso, con las costas al apelante.

El Tribunal de San Juan procedió con arreglo á derecho, denegando la celebración de un nuevo juicio, pues conforme al artículo 265 del Código de Enjuiciamiento Criminal, en todo juicio por cualquier delito, fuera de libelo infamatorio, las cuestiones de derecho se resolverán por el Tribunal, y las de hecho, por el Jurado, y éste, por tanto, es el único que puede determinar si hay prueba suficiente para declarar culpable al acusado; lo cual no impide que pueda concederse un nuevo juicio cuando el veredicto fuere contrario á derecho ó á las pruebas; pero para ello sería necesario que se alegara y probara, mediante el correspondiente pliego de excepciones, que la declaratoria de culpabilidad era abiertamente injusta, y nunca sería bastante alegar y aún probar cuando hay diferentes elementos probatorios, que el Jurado se habia equivocado por dar mayor valor á unos elementos que á otros. En el presente juicio el Jurado no procedió contra derecho ni contra las pruebas practicadas al dar su veredicto de culpabilidad, pues el acusado confesó que por haberle atacado el interfecto tuvo que defenderse legítimamente, pero no explicó el motivo del ataque ni hubo testigo alguno que expresamente declarara en apoyo de su exculpación, no resultando, por tanto, justificable ó excusable el homicidio. No procediendo, como no procede, la celebración de un nuevo juicio, el Tribunal de derecho se ajustó á ley imponiendo á Felipe Parson, declarado culpable por el Jurado, la pena de siete años de presidio, dentro del término máximo de diez años, con que el Código Penal, en su artículo 204, castiga el delito de homicidio. Por las razones expuestas, procede denegar la celebración de un nuevo juicio, y confirmar la sentencia apelada con las costas al apelante.

*Confirmada.*

the appeal was conducted with the sole intervention of the *Fiscal,* for the reason that appellant failed to present an affidavit of insolvency as directed by this court in an order of the 12th of February last, said *Fiscal* having asked that the appeal be dismissed with costs against the appellant.

The District Court of San Juan proceeded according to law in denying the motion for a new trial, inasmuch as, according to section 265 of the Code of Criminal Procedure, in trials for any crime, except libel, questions of law are decided by the court and questions of fact by the jury, and the latter therefore is alone competent to determine whether there is sufficient evidence for finding the defendant guilty. This does not preclude the granting of a new trial when the verdict is contrary to law or the evidence, but in order to do so it would be necessary that it be alleged and proved by means of the proper bill of exceptions that the finding of guilty was manifestedly unjust; and it would never be sufficient to allege or even to prove, when there are different probatory elements, that the jury had erred in giving greater weight to some elements than to others. In the present case the jury did not proceed contrary to law or contrary to the evidence taken in rendering its verdict of guilty, since the accused confessed that, having been attacked by the deceased, he had to defend himself in a lawful manner, but he failed to explain the grounds of the attack, nor was there any witness whatever who expressly testified in support of his exculpation, and the homicide is therefore neither justifiable nor excusable. There being no ground for the granting of a new trial, the trial court complied with the law in imposing upon Felipe Parson, who was found guilty by the jury, the penalty of seven years' imprisonment within the maximum period of ten years by which section 204 of the Penal Code makes punishable the crime of manslaughter. For the foregoing reasons the motion for a new trial was properly denied, and the judgment appealed from should be affirmed, with costs against the appellants.

*Affirmed.*

Jueces concurrentes, Señores Presidente Quiñones, y Asociados, Figueras, Sulzbacher y MacLeary.

---

## HUERTAS *v.* EL JUEZ MUNICIPAL.

### APELACIÓN procedente de la Corte de Distrito de San Juan.

#### No. 80.—Resuelto en Abril 21, 1904.

APELACIÓN.—El recurso de apelación solo procede contra las resoluciones de carácter definitivo, y una resolución de la Corte de Distrito, desestimando una queja formulada por una parte contra procedimientos de un Juez Municipal, no es definitiva á los efectos de tal recurso.

#### EXPOSICIÓN DEL CASO.

En el recurso de queja interpuesto ante el Tribunal de Distrito de San Juan por Doña Damiana Huertas y Pulido contra el Juez Municipal de Río Piedras con motivo de actuaciones practicadas para la ejecución de la sentencia pronunciada por la referida Corte de San Juan en juicio de desahucio seguido por Don Pedro Elzaburu contra Don Juan Mollfulleda; cuyo recurso de queja pende ante Nos á virtud de recurso de apelación admitido á la Doña Damiana á la que ha representado y dirigido en esta Corte Suprema el Letrado Don Rafael López Landrón.

*Resultando*: que con fecha trece de Abril del año próximo pasado acudió Doña Damiana Huertas, sin dirección de Letrado, al Tribunal de Distrito de San Juan con escrito en que suplicaba se declarara la nulidad del requerimiento hecho por el Juzgado Municipal de Río Piedras á varios colonos de una finca, que dice ser de su propiedad, para que reconocieran á Don Pedro Elzaburu como dueño de ella, requerimiento practicado con ocasión de una carta-orden del mencionado Tribunal de San Juan ordenando fuese desalojado Don Juan Mollfulleda de la finca objeto del juicio de desahucio seguido

- Chief Justice Quiñones and Justices Figueras, Sulzbacher and MacLeary concurred.